OHIO SHEEP AND WOOL GROWERS ASSOCIATION CO., PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15149.    Promulgated December 21, 1928.

*E. W. Shinn, Esq.*, for the respondent.

#### OPINION.

GREEN: In this proceeding the petitioner seeks a redetermination
of its income-tax liability for the period from March 3, 1921, to
December 31, 1921, for which period the respondent has determined
a deficiency in the amount of $3,165.60. It comes before the Board
on a motion to dismiss for want of prosecution.

The petitioner was not represented at the hearing. The petition
shows the amount of tax in controversy to be $855.04, arising through
two alleged errors—first, that the respondent refused to allow the
deduction of amounts paid for legal services as ordinary and neces-
sary expenses of the business, and second, that repairs necessary to
make an old factory building useful for storage purposes were held
to be a capital asset and as such not deductible from gross income.

The petition alleges:

5. The facts upon which the taxpayer relies as the basis of its appeal are
as follows:

(a) The legal services rendered to the taxpayer company were bona fide
and were necessary in the operation of the company's business and were
charged at a reasonable price and were neither contingent nor speculative.

(b) The expenditures for repairs were in the nature of temporary repairs
or additions which neither enhance the value of the property nor checked
depreciation thereon and which were not absolutely necessary to fit the building
for the storage of wool.

The respondent answered:

5. With reference to the allegations contained in paragraph 5, admits, de-
nies, and alleges as follows:

(a) Admits the allegations contained in subdivision (a), and alleges that
the legal fees paid were retainer fees.

(b) Denies the allegations contained in subdivision (b).

The pleadings admit that the legal services rendered to the peti-
tioner were *bona fide* and necessary in the operations of its business
and that they were charged at a reasonable price, and were neither
contingent nor speculative. The respondent has affirmatively alleged
that these fees were paid as a retainer but has offered no proof in
support of this allegation.

From the pleadings it would appear that the deductibility of fees paid for legal services is clearly at issue and, accordingly, the motion to dismiss for lack of prosecution should not be sustained.

Since it has been admitted that the services were necessary expenses in the operation of the petitioner's business, we find them to be properly deductible under the provisions of section 234 (a) (1) of the Revenue Act of 1921.

As to the second issue, as no proof was offered by the petitioner in support of its contention, this issue must be decided in favor of the respondent.

*Judgment will be entered under Rule 50.*